STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-99-27

JLH-PEN- 2/10/2000

FILED AND ENTERED
SUPERIOR COURT

FEB 1 0 2000

PENOBSCOT COUNTY

Joyce Morgan,
        Plaintiff

v.

**DECISION AND JUDGMENT**

Dan Ladrigan d/b/a Acadia Sunroom Co.,
        Defendant ·

Hearing on damages was held February 9, 2000.[1]  The plaintiff was present with counsel, and the defendant appeared pro so.

The default previously entered against the defendant establishes his liability on the claims set out in the complaint.  Those claims are for breach of contract, negligence, violation of the Home Construction Contracts Act, 10 M.R.S.A. § 1486 *et seq.*, and violation of the Unfair Trade Practices Act, 5 M.R.S.A. § 205-A *et seq.*

The parties entered into an agreement under which the defendant would construct a sunroom addition to the plaintiff's residence.  The

---

[1] A default was entered against the defendant on July 16, 1999, nearly five months after he was served with process and more than three months after the expiration of the enlarged period of time he was granted to file a responsive pleading.  Prior to the commencement of the damages hearing, the defendant moved orally for relief from the entry of the default.  For the reasons stated on the record, the court denied that motion.

1

plainitff made several payments to the defendant. The total amount of those payments was $15,954.07 ($5,076 + $6,812.82 + $1,353.77 + $2,711.48). The third payment ($1,353.77) was for a foundation or base on which the addition would sit. All other payments were for the remaining aspects of the addition. The plaintiff ultimately was dissatisfied with the project, and the defendant tore down the structure but left the foundation in place. The plaintiff uses the foundation as a deck and thus has received benefit from that part of the defendant's work.

Whether viewed as a contract or negligence claim, the plaintiff's damages are $14,600.30 ($15,954.07 - $1,353.77). She is entitled to recover that amount. She is also entitled to reasonable attorney's fees. *See* 5 M.R.S.A. § 213(2). Plaintiff's exhibit 10 indicates legal fees, expenses and costs of $2,035.48, which includes a projection of one hour for the February 9 hearing. In fact, the hearing required the presence of the parties for three hours in court. Thus, attorney's fees of $2,300 are awarded.

The entry will be:

For the reasons set out in the order dated February 10, 2000, judgment is awarded to the plaintiff in the amount of $14,600.30, plus interest at the statutory rate accruing from September 23, 1998. *See* 14 M.R.S.A. § 1602(1). The plaintiff is awarded attorney's fees of $2,300. No costs are awarded separately because they are included in the award of attorney's fees. Pursuant to 10 M.R.S.A. § 1490(2), a forfeiture of $100 is assessed against the defendant. The forfeiture, with applicable surcharges, shall be paid to the clerk's office within 30 days of the date this judgment becomes final. Pursuant to 5 M.R.S.A. § 213(3), the clerk shall mail a copy

2

of this judgment to the Department of the Attorney General.

Dated:    February 10, 2000

_____
JUSTICE, SUPERIOR COURT

Date Filed ___2/12/99___ ___PENOBSCOT___ Docket No. ___CV-99-27___
County

Action ___CIVIL-UNFAIR TRADE PRACTICES___
ASSIGNED TO JUSTICE HJELM

[·· ··· ··· ···ECHT
··· ···BRARY

MAR 6 2000

DAN LADRIGAN d/b/a
JOYCE MORGAN,                    vs.    ACADIA SUNROOM CO.,

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Ferris, Dearborn & Willey<br>120 N. Main Street, PO Box 609<br>Brewer, Maine 04412<br>By: Joel Dearborn, Esq. | Daniel Ladrigan<br>Acadia Sunroom<br>4 Main Street, Cherryfield, Maine 04622 |

| Date of Entry | |
|---|---|
| 2/12/99 | Complaint filed. |
| 2/19/99 | Case File Notice and Pretrial Scheduling Statement and Jury Demand forwarded to Plaintiff's Counsel. |
| 2/19/99 | Copy of complaint and Superior Court docket entries forwarded to Attorney General's Office. |
| 2/23/99 | Officer's Return of Service on Defendant Dan Ladrigan Filed. (S.D. 2/18/99) |
| 3/22/99 | Letter purporting to be a request for extension of time to respond to complaint Filed by Defendant |
| 3/26/99 | Upon Defendant's Request for Extension of Time to File Answer, Motion GRANTED. (Mead, J.) Copy forwarded to Plaintiff's counsel and to Defendant. |
| 4/5/99 | Plaintiff's Motion for Reconsideration filed. |
| 4/5/99 | Request for Hearing on Motion for Reconsideration filed by Plaintiff. |
| 5/21/99 | Upon Plaintiff's Motion for Reconsideration, Granted; Extended to 3/29/99 only. (Mead, J.) Copy forwarded to attorneys of record. |
| 7/16/99 | Affidavit and Request to Clerk for Default filed by Plaintiff. |
| 7/16/99 | DEFAULT entered as to Defendant Dan Ladrigan d/b/a Acadia Sunroom Co. Copy forwarded to Plaintiff's counsel. |
| 7/20/99 | Request for hearing on damages to be scheduled filed by Plaintiff. |

-OVER-